**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Mark Harrison,<br><br>                                    Plaintiff,<br><br>                    -v-<br><br>DEA,<br><br><br>                                    Defendant. | | 2:26-cv-99<br>(NJC) (LGD) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Presently before the Court is a motion to proceed in forma pauperis ("IFP") filed by Mark Harrison together with the above-captioned pro se complaint. (*See* Compl., ECF No. 1; IFP Mot., ECF No. 2.) For the reasons that follow, the motion to proceed IFP is denied without prejudice and with leave to renew upon filing the enclosed AO 239 Long Form IFP application ("Long Form") within fourteen (14) days. Alternatively, Harrison may pay the $405.00 filing fee within fourteen (14) days in order to proceed.

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks and alterations omitted). "The federal *in forma pauperis* statute represents a significant effort to ensure the ability of impoverished litigants to prosecute meritorious claims or defenses without disadvantage." *Rosa v. Doe*, 86 F.4th 1001, 1004 (2d Cir. 2023). Indeed, "[t]he purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to

the judicial system." *Velasquez v. Comm'r of Soc. Sec.*, No. 24-cv-2035, 2024 WL 3202974, at *2 (E.D.N.Y. June 26, 2024). Determining whether an applicant qualifies for IFP status is within the discretion of the district court. *See Rosa*, 86 F.4th at 1007 (explaining IFP application denials are reviewed for abuse of discretion). When a litigant's application fails to establish the level of poverty required under the IFP statute, such application is properly denied. *See, e.g.*, *Miller v. Smith*, No. 21-cv-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021) (denying IFP motion where the plaintiff did not disclose the balance in her checking account). The court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Here, Harrison's IFP motion does not provide sufficient information for the Court to reasonably conclude that Harrison is unable to afford the filing fee for this case. To be sure, Harrison reports that he is not employed and is "on disability"; yet, he has omitted the amounts he has received over the last twelve months and what he expects to receive in the future. (IFP Mot., ECF No. 2 at ¶¶ 2–3(d). Harrison does not report any income from any other source during the past twelve months, nor does he report having any money either in cash or in a checking or savings account. (*See id.* ¶¶ 2–4.) Curiously, although Harrison has included a residential address and telephone number in his complaint, (*see* Compl. at 1–2), he provides no expenses associated with them, nor does he report any other regular living expenses for items such as food, transportation, utilities, etc. (*Id.*) As is readily apparent, Harrison's application provides no explanation as to how he supports himself and is, at best, incomplete. (*See* IFP Mot. *in toto*.) The Court is not satisfied that Harrison is unable to pay the filing fees "'[b]ecause no one can live on no income and no assets,'[and] affidavits asserting that the plaintiff has no income and no assets

2

without further explanation 'must be incomplete and, by extension, fail to support in forma pauperis status.'" *Jones v. ACS/Queens Field Off.*, No. 23-cv-5742, 2024 WL 2818138, at *1 (E.D.N.Y. June 3, 2024) (quoting *Amanda M. v. Kijakazi*, No. 22-cv-0353, 2022 WL 1395941, at *1 (D. Conn. Apr. 29, 2022)).

Accordingly, the IFP motion is denied without prejudice and with leave to renew by filing the enclosed Long Form IFP application. "When an applicant fails to explain how he supports himself, courts generally regard his application as incomplete and insufficient to establish an entitlement to in forma pauperis status." *Dan M. v. Kijakazi*, No. 22-cv-664, 2022 WL 2069112, at *2 (D. Conn. May 19, 2022). If Harrison is financially supported by another person, such as his sister, he shall include the financial information for that person or persons in the space marked "spouse" on each renewed application. *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get . . . such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citation omitted). Alternatively, Harrison may pay the $405.00 filing fee in each case.[1]  Harrison shall either file

---

[1]  Once the filing fee is paid, there are no refunds regardless of the outcome of the case. *Celestin v. U.S. Dep't State Bureau of Consular Affs.*, No. 20-cv-947, 2020 WL 6901081, at *2 (E.D.N.Y. Nov. 23, 2020) ("[T]he law does not permit a judge to refund a filing fee. Once the filing fee has been collected, it cannot be waived or refunded, regardless of the outcome of the action"). Accordingly, Harrison is encouraged to consult an attorney or to avail himself of the free legal resources provided by the Pro Se Legal Assistance Program run by Hofstra Law School at the Courthouse. Harrison may schedule an appointment there by calling (631) 297-2575 or by e-mailing PSLAP@Hofstra.edu. The Court notes that the Pro Se Clinic is not part of, nor affiliated with, the United States District Court.

the renewed IFP application or remit the filing fees within two (2) weeks of the date of this Order or the Complaint will be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of the Court shall mail a copy of this Order to Harrison at his address of record and note such mailing on the docket.

Dated:         Central Islip, New York
               March 3, 2026

                                   */s/ Nusrat J. Choudhury*
                                   NUSRAT J. CHOUDHURY
                                   United States District Judge

4